## Office of the Attorney General
### State of Texas



**DAN MORALES**
ATTORNEY GENERAL

April 11, 1994

Mr. Robert W. Gee
Chair
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
Austin, Texas 78757

Opinion No. DM-288

Re: Authority of the Public Utility Commission of Texas to apply for, receive, and expend federal funds, and related questions (RQ-664)

Dear Mr. Gee:

You have requested advice about the authority of the Public Utility Commission of Texas to receive federal funds. You write that you are aware of several federal grants that the commission could use to acquire, analyze, and use significant new information. You first ask:

> Considering Chapter V, § 22, of the Appropriations Act . . . , and the
> Public Utility Regulatory Act . . . , may the . . . [commission] directly
> or indirectly apply for, receive, and/or expend federal funds?

You refer to federal grants for the purpose of acquiring, analyzing, and using significant new information. Among other projects, you are interested in obtaining a federal grant to purchase a Geographic Information System, which relates data base information to the map. This system would enable the commission to compile and analyze utility information according to geographic regions. We believe article 1446c, V.T.C.S., the Public Utility Regulatory Act, authorizes the commission to seek federal grants to assist in carrying out its statutory duties.

The commission has statutory authority to acquire and analyze utility information, as well as other related kinds of information. *See* V.T.C.S. art. 1446c, §§ 8(b)(5) (requiring commission to employ director of research experienced in analysis of industry, economics, energy, fuel, and other related matters), 16(b) (requiring commission to develop long-term statewide electrical energy forecast), (e) (requiring commission to review and evaluate electric utilities' forecast of load and resources). The commission has

> the general power to regulate and supervise the business of every
> public utility within its jurisdiction and to do all things, whether
> specifically designated in this Act or implied herein, necessary and
> convenient to the exercise of this power and jurisdiction.

*Id.* § 16(a). Moreover, the Public Utility Regulatory Act is to be "construed liberally to promote the effectiveness and efficiency of regulation of public utilities . . . ." *Id.* § 89.

We believe that the commission has authority to apply for federal grants when "necessary and convenient to the exercise" of its general power to regulate public utilities. In our opinion, the commission is authorized to seek and receive a federal grant to purchase the Geographical Information Service you described, assuming that the conditions attached to the particular grant are conditions that the commission may accept. *See also* Gov't Code, § 403.012 (comptroller may accept federal money for a state agency not otherwise restricted by statute, rider, or special provision in the general appropriations act). Whether the commission has statutory authority to apply for grants for other purposes must be determined on a case-by-case basis. In general, if the commission has statutory authority to receive an appropriation for a particular service or item, we believe it may also seek federal funding for that service or item.

You are concerned, however, that article V, section 22 of the current general appropriations act bars the appropriation to the commission of federal funds received during the current biennium. Federal grant funds, like other funds received by state agencies, must be deposited in the state treasury. Gov't Code § 404.094; Attorney General Opinion JM-772 (1987). Once funds are in the treasury, they may be withdrawn only by appropriation by the legislature. Tex. Const. art. VIII, § 6. The general appropriations act may include items of appropriation, which state the amount and purpose of funds allocated to state agencies, and riders that detail, limit, or restrict the use of funds appropriated by the act.[1] Tex. Const. art. III, § 35; Attorney General Opinion V-1254 (1951); *see also Moore v. Sheppard*, 192 S.W.2d 559, 561 (Tex. 1946); Attorney General Opinion DM-116 (1992) (general legislation may not be enacted in a general appropriations bill). Article V, section 22 of the general appropriations act appropriates federal funds received during the current biennium to the agencies authorized to use them, subject to stated limitations. *See* Attorney General Opinions JM-772 (1987) at 7-8; H-550 (1975) at 3-4. It states in part:

> All funds received from the United States government by state agencies and institutions named in this Act are hereby appropriated to such agencies for the purposes for which the federal grant, allocation, aid, payment or reimbursement was made subject to the following:
>
> a. Except for institutions and agencies of higher education, federal funds including unexpended balances shall be deposited to and expended from the specific program identified under each agency's appropriation bill pattern.

---

[1] In addition, article XVI, section 69 of the Texas Constitution now authorizes the legislature to require, by rider in the general appropriations act or by separate statute, the prior approval of an expenditure or the emergency transfer of any funds appropriated to agencies of state government.

> Except for institutions and agencies of higher education, no
> federal funds may be expended for strategies or functions
> other than those which have been reviewed by the Seventy-
> third Legislature and authorized by specific language in this
> Act or encompassed by an agency's budget structure as
> established by this Act.

Acts 1993, 73d Leg., ch. 1051, art. V, § 22, at 5351.[2] You read the first sentence in paragraph a. of this rider as allowing the commission to use federal funds only if its appropriation specifically identifies a program as funded by federal funds. Since the appropriation to the Public Utility Commission does not identify any program as being funded by federal funds, you are concerned that any federal funds granted to the commission during this biennium would not be appropriated to it. *See* Acts 1993, 73d Leg., ch. 1051, art. I, at 4854-61.

The first sentence in paragraph a. does not expressly state that federal funds may only be deposited to a program specifically identified as a recipient of federal funds, but states that federal funds are to be deposited to "the specific program identified" under the agency's appropriation bill pattern. We read "specific program" as referring to the items of appropriation in each agency's appropriation. The current appropriations act refers to the items of appropriation as "strategies." Moreover, in this context, the word "identified" means "set out" or "listed" in the agency's appropriation. Thus, federal funds granted to an agency may only be deposited to and spent from one of the specific programs, or strategies, listed in its appropriation. If the commission's appropriation includes an item that may be spent for a computerized mapping system, federal funding for that purpose may be deposited to that item.

The second sentence in paragraph a. prohibits the expenditure of federal funds for programs other than those reviewed by the 73d legislature and authorized by the specific language of the general appropriations act or by the agency's budget structure. *See generally* Attorney General Opinion JM-772 (1987) (construing second paragraph of virtually identical provision in 1986-1987 appropriations act). Both sentences of paragraph a. have a similar effect: a state agency, except for an agency or institution of higher education, may spend federal funds for the purpose for which they were granted only if the agency's appropriation authorizes expenditures for that purpose.

The appropriation to the Public Utility Commission appropriates funds for various strategies that appear broad enough to encompass an expenditure for the Geographical Information Service. For example, the commission receives funds to

---

[2]Article V, section 22 of the current general appropriations act also includes other provisions that are not relevant to your question.

> Assess the demand and current supply of electricity and determine
> the need for additional resources. . . .
>
> . . . .
>
> Process and analyze filings to change boundaries . . . .
>
> . . . .
>
> Examine and review all construction reports filed by electric utilities
> for new transmission lines and power plants. . . . [M]aintain database
> of telecommunications construction information.

Acts 1993, 73d Leg. ch. 1051, art. I, at 4856, 4857 (strategies B.1.1., B.2.1., and C.1.1.). In our opinion, these specific appropriation items are broad enough to encompass an expenditure for a Geographical Information System, and there may be other items in the commission's budget that could also be spent for this purpose. Federal grant funds received for this purpose during the current biennium may be deposited to and expended from one of these accounts or another account that would permit the expenditure of state-generated funds for that purpose. *See generally* Attorney General Opinion JM-916 (1988).

Your other questions are contingent on a contrary reading of section 22. Accordingly, we need not answer them.

## S U M M A R Y

The Public Utility Commission has authority under V.T.C.S. article 1446c to apply for federal grants necessary and convenient to the exercise of its general power to regulate public utilities. Federal grant funds are placed in the state treasury, and chapter V, section 22 of the current general appropriations act appropriates them to the agencies for the purposes for which the federal grant was made, subject to stated conditions. Among other conditions, section 22 provides that federal funds granted to an agency, other than an agency or institution of higher education, may only be deposited to and spent from one of the specific programs listed in the agency's appropriation. If an item of appropriation in the commission's appropriation could be spent for the purposes for which the federal grant was received, the federal grant funds may be deposited to and spent from that item.

Very truly yours,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Assistant Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General